IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| GLOGEAR, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No.  6:21-cv-00513 |
| | § | |
| THREE AMIGOS SPORTS d/b/a RONIX | § | |
| WAKEBOARDS | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

NOW COMES GloGear, LLC, and files this, its Original Complaint for Patent Infringement against Defendant Three Amigos Sports, LLC d/b/a Ronix Wakeboards, and would respectfully show as follows:

## I.  PARTIES

1.      Plaintiff Glogear, LLC, is a Texas limited liability company with its principal office located in Travis County, Texas.

2.      Upon information and belief, Defendant Three Amigos Sports d/b/a Ronix Wakeboards ("Ronix"), is a Washington limited liability company, with its principal place of business at 35214 SE Center Street, Snoqualmie, WA 98065.  It can be served with process via its registered agent, MPBA SERVICE COMPANY LLC, at 701 5th Ave, Suite 5500, Seattle, WA 98104-7096, or wherever they may be found.

3.      Upon information and belief, Defendant Three Amigos Sports, LLC owns the trademark for RONIX and sells products under this name at www.ronixwake.com.

4.      Upon information and belief Ronix directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in

the United States, including Texas and locations within the Western District of Texas, and

otherwise directs infringing activities to this District in connection with its products and services.

A partial list of locations selling Ronix products in this district is attached hereto as Exhibit A.

## II.  JURISDICTION AND VENUE

5.      As this is a civil action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. § 1 et seq., this Court has subject matter jurisdiction over the matters

asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Ronix, in part because Ronix does

continuous and systematic business in this District, including by providing infringing products and

services to the residents of the Western District of Texas that Ronix knew would be used within

this District, and by soliciting business from the residents of the Western District of Texas.  For

example, Ronix is subject to personal jurisdiction in this Court because, inter alia, and on

information and belief, Ronix has regular and established places of business at multiple stores in

the Western District of Texas, including at six locations within a 100 mile radius of Waco, Texas.

Exhibit A.  Ronix directly and through agents regularly does, solicits, and transacts business in the

Western District of Texas (and elsewhere in the State of Texas), including, for example, through

its ronixwake.com website.

7.      In particular, Ronix has committed and continues to commit acts of infringement

in violation of 35 U.S.C. § 271, and has made, used, marketed, distributed, offered for sale, sold,

and/or imported infringing products in the State of Texas, including in this District, and engaged

in infringing conduct within and directed at or from this District. For example, Ronix has

purposefully and voluntarily placed the Accused Products into the stream of commerce with the

expectation that the Accused Products will be used in this District. The Accused Products have

been and continue to be distributed to and used in this District. Ronix's acts cause and have caused injury to Glogear, including within this District.

8.      Venue is proper in this District pursuant to 28 U.S.C § 1400(b) because Defendant has regular and established places of business at its offices in the Western District of Texas, and certain of the acts complained of herein occurred in this judicial district.

## III.  FACTS

9.      Glogear is the holder of U.S. Patent No. 8,882,554 B2 (the '554 Patent), issued on Nov. 11, 2014.  A true and correct copy of the '554 Patent is attached as Exhibit B hereto and incorporated herein by reference.  Glogear has full and exclusive right to bring suit to enforce the '554 Patent, including the right to recover for past infringement.

10.     The '554 Patent is valid and enforceable under United States Patent Laws.

11.     Pursuant to the '554 Patent, Glogear has the exclusive rights to use, make, market and cell certain patented glow-in-the-dark paddleboards and/or wakeboards.

12.     Pursuant to the '554 Patent, Glogear has the exclusive rights to use, make, market and sell patented paddleboards wherein the top surface comprises at least one glow in the dark element attached to the top of said paddleboard by a photoluminescent material.

13.     Pursuant to the '554 Patent, Glogear has the exclusive rights to use, make, market and sell patented wakeboards wherein the top surface comprises at least one glow in the dark element attached to the top of said wakeboard by a photoluminescent material.

14.     Pursuant to the '554 Patent, Glogear has the exclusive rights to use, make, market and sell patented paddleboards wherein the top surface comprises a rechargeable phosphorescent compound and a recharging source.

15.     Glogear recently became aware that Ronix is using, making, marketing and/or selling one or more variations of a glow-in-the-dark paddleboard and/or wakeboard (the "Infringing Board") that are covered by the '554 Patent.  The following are images of Ronix's Infringing Board:



**VISION**

BOY'S BOAT BOARD



4





16.     The Infringing Board has been used to infringe one or more claims of the '554

Patent.

17.     Ronix does not have, and it has not sought, any license from Glogear to use, make,

market or sell the Infringing Board or any other glow-in-the-dark boards.

18.     Ronix has continued to use, make, market and/or sell the Infringing Board through

the present.

19.     On information and belief, Ronix has derived substantial revenue from its sale of the Infringing Board without paying Glogear any amounts derived from such sales, whether as a license or otherwise.

### IV.  CLAIMS

**COUNT I**
**DIRECT PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(a)**

20.     The foregoing allegations in paragraphs 1-19 are incorporated by reference as if fully stated herein.

21.     The '554 Patent is a valid U.S. patent.

22.     The term of the '554 Patent has not expired.

23.     Ronix uses, makes, markets and/or sells one or more variations of the Infringing Board, and otherwise takes actions that infringe one or more claims of the '554 Patent and is therefore liable to Glogear for patent infringement pursuant to 35 U.S.C. § 271(a).

24.     Ronix has, upon information and belief, used, manufactured and/or tested a paddleboard for use in water wherein the top surface comprises at least one glow in the dark element, where the glow in the dark element is attached to the top surface via a securing band comprised of a photoluminescent material, thereby infringing Claim 1, and possibly other dependent claims as may be shown, of the'554 Patent.

25.     Ronix has alternatively, upon information and belief manufactured and/or tested a wakeboard wherein the top surface comprises at least one glow in the dark element, thereby infringing Claim 10, and possibly other dependent claims as may be shown, of the'554 Patent.

26.     Ronix has alternatively, upon information and belief, manufactured and/or tested a paddleboard wherein the top surface comprises a rechargeable phosphorescent compound and

recharging source, thereby infringing Claim 17, and possibly other dependent claims as may be shown, of the '554 Patent.

27.     Ronix's actions and infringement have been committed willfully.

28.     Glogear is entitled to relief against Ronix for Ronix's infringement of the '554 Patent, including but not limited to injunctive relief pursuant to 35 U.S.C. § 283 and damages adequate to compensate for Ronix's infringement pursuant to 35 U.S.C. § 284.

**COUNT II**
**CONTRIBUTORY PATENT INFRINGEMENT**

29.     The foregoing allegations in paragraphs 1-28 are incorporated by reference as if fully stated herein.

30.     One or more variations of the Infringing Board made, marketed and/or sold by Ronix are components of the patented systems protected by one or more claims of the '554 Patent.

31.     The Infringing Board used, made, marketed and/or sold by Ronix is especially made or adapted for use in the infringement of the '554 Patent.  The Infringing Board has not reasonable use other than as a paddleboard and/or wakeboard that infringes one or more claims of the '554 Patent, including claims 1, 10, and 17.  The Infringing Board has not substantial use other than to infringe one or more claims of the '554 Patent, including claims 1, 10 and 17.

32.     Ronix knows, or has been willfully blind to the knowledge, that the Infringing Board infringes and/or contributes to the infringement of the '554 Patent, at least as early as the filing of this Complaint.

33.     The Infringing Board used, made, marketed and/or sold by Ronix has no reasonable or substantial uses that do not infringe or contribute to infringing the '554 Patent.

34.     Ronix knows that the Infringing Board has no reasonable or substantial uses that do not infringe or contribute to infringing the '554 Patent.

7

35.     To the extent Ronix's use making, marketing and or selling the Infringing Board does not itself directly infringe the '554 Patent, Ronix's Infringing Board has been used and applied to directly infringe the '554 Patent by customers of Ronix who have purchased the Infringing Board for such infringing uses.  Ronix knows that its Infringing Board has been used as components of watersport gear packages that directly infringe one or more claims of the '554 Patent, including claims 1, 10 and 17.

36.     Ronix's actions and contributory infringement have been committed willfully.

37.     Glogear is entitled to relief against Ronix for Ronix's contributory infringement of the '554 Patent, including but not limited to injunctive relief pursuant to 35 U.S.C. § 283 and damages adequate to compensate for Ronix's infringement pursuant to 35 U.S.C. § 284.

**COUNT III**
**INDUCEMENT OF PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(b)**

38.     The foregoing allegations in paragraphs 1-37 are incorporated by reference as if fully stated herein.

39.     Ronix has induced infringement of one or more claims of the '554 Patent, including claims 1, 10 and 17 of the '554 Patent.

40.     Ronix knows that its Infringing Board is used as a component of gear packages where an Infringing Board is sold for use outdoors and in water, in such a way as to otherwise infringe one or more claims of the '554 Patent.

41.     Upon information and belief, Ronix provides its Infringing Board to third party retail stores for sale, including those found in this District.

42.     Ronix engages in conduct inducing, or leading, others to so infringe one or more claims of the '554 Patent.

43.     Ronix has specifically configured, sized, and designed the Infringing Board for such infringement, thereby actively encouraging and inducing infringement.

44.     The Infringing Board has no reasonable use other than to infringe one or more claims of the '554 Patent, including claims 1, 10 and 17.

45.     Ronix's actions have yielded actual direct infringement.

46.     Ronix's actions and inducement to infringement have been committed willfully.

47.     Glogear is entitled to relief against Ronix for Ronix's inducement of infringement of the '554 Patent, including but not limited to injunctive relief pursuant to 35 U.S.C. § 283 and damages adequate to compensate for Ronix's infringement pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Glogear prays that Defendant be cited to appear herein, and that:

1.     For injunctive relief against Ronix enjoining any further sales of its Infringing Board that infringes, directly or contributorily, the '554 Patent;

2.     For damages adequate to compensate Glogear for Ronix's infringement during the time period provided in 35 U.S.C. § 286, pursuant to 35 U.S.C. § 284;

3.     For attorneys' fees as allowed by applicable law, including but not limited to 35 U.S.C. § 285; and

4.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

COKINOS │ YOUNG

*/s/ Lauren S. Aldredge*
M. Wilson Stoker
State Bar No.  24076806
Lauren S. Aldredge
State Bar No. 24079380
900 S. Capital of Texas Highway
Las Cimas IV, Suite 425
Austin, Texas 78746
Tel. (512) 615-8573
Fax: (512) 610-1184
wstoker@cokinoslaw.com
laldredge@cokinoslaw.com

**ATTORNEYS FOR PLAINTIFF,
GLOGEAR, LLC.**